### JACK LANG v. STATE OF FLORIDA

11 So. (2nd) 179                                    June Term, 1942
January 5, 1943                                        Division B

C. E. Farrington, for appellant.

J. Tom Watson, Attorney General, Woodrow M. Melvin, Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Jack Lang, was indicted for the crime of murder in the second degree by a Broward County grand jury, placed upon trial and convicted of manslaughter, and by the trial court sentenced to the State prison at hard labor for a period of ten years. He has perfected therefrom his appeal to this Court. Counsel for appellant pose three questions for adjudication by this Court.

The first question is viz: Should the trial court have granted defendant's motion for a new trial because the verdict of the jury was not supported by the evidence, and in rendering the verdict the jury acted through mistake

and/or prejudice? We have studied and carefully examined the testimony in light of the contention of counsel for appellant. The appellant, at the time of the difficulty, was employed at the Greyhound Club situated on a highway a few miles west of the City of Fort Lauderdale. The deceased, with a party of friends and relatives, on the evening of September 27, 1941, went to the club and had some drinks and members of the party engaged in dancing. It was a rule of the club that hard liquor was not to be served in the club, and the appellant, observing a violation of the rule on the part of the deceased, approached him and requested an observance of the regulation. Words passed between the parties, resulting in a fight in which some two or three participated against the appellant. Conflicts appear in the testimony on many of the essential issues, the appellant contending that at all times he acted in self defense. He obtained a pistol and the deceased was shot and wounds and abrasions appeared about his head. The deceased sustained wounds and injuries in the fight which were meticulously developed during the progress of the trial. We are requested on this appeal to hold and conclude that the evidence adduced during the trial was legally insufficient to support the verdict rendered. Ordinarily indulgences and allowances are permitted or granted to those under the influence of intoxicants. The appellant expressed the view that the entire party when reaching the club was under the influence of whiskey. It is possible that the enforcement of the regulation of the club could have been obtained if the party had been approached in a more tactful manner, and the jury considered this feature of the testimony on the question of who was the aggressor.

The third question posed for adjudication by counsel for the appellant is: In view of the uncertain testimony submitted in this cause as to the guilt of the defendant, should the Court have sentenced the defendant to the State penitentiary at hard labor for the term of ten years. The answer to this question is precluded by Section 782.07, Florida Statutes 1941, and is not open to judicial inquiry.

The second question posed by counsel for appellant for adjudication by this Court is viz: Should the trial court have

granted defendant's motion for a new trial because over the objections of the defendant the State attorney had conducted, during the trial and in the presence of the trial jury, an investigation as to the conduct of the witnesses in the witness room, while under the rule, and particularly the conduct of O. P. Morris, as to whether O. P. Morris in particular had not discussed certain phases of his testimony, or the testimony of other witnesses, with other of defendant's witnesses while they were under the rule? We have considered this question and fail to find merit in the contention. The record having been considered in its entirety, we conclude that the legal right of the appellant was ably asserted by counsel, and the issues constituting self defense were fully recognized by the jury by reducing the degree of murder from second to that of manslaughter. We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

Affirmed.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.